FILED IN OPEN COURT

7-29-2024

CLERK U S DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:24-cr-131-TJC-~~JBT~~ SJH

BRYAN LYNDELL CHAPMAN

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Roger B. Handberg, United States Attorney for the Middle District of Florida,

and the defendant, Bryan Lyndell Chapman, and the attorney for the

defendant, Lisa Call, Esq., mutually agree as follows:

**A.    Particularized Terms**

1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One and

Three of the Indictment.  Count One charges the defendant with

Manufacturing Counterfeit Federal Reserve Notes, in violation of 18 U.S.C. §

471.  Count Three charges the defendant with Possession of a Firearm by a

Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

Defendant's Initials _BC_                    AF Approval _NMA_

2.   Maximum Penalties

Count One carries a maximum sentence of 20 years
imprisonment, a fine of $250,000, or both a term of imprisonment and a fine,

a term of supervised release of not more than 3 years, and a special assessment

of $100, due on the date of sentencing.  A violation of the terms and

conditions of supervised release carries a maximum sentence of up to 2 years

of imprisonment, as well as the possibility of an additional term of supervised

release.  With respect to certain offenses, the Court shall order the defendant

to make restitution to any victim of the offense(s), and with respect to other

offenses, the Court may order the defendant to make restitution to any victim

of the offense(s), or to the community.

Count Three carries a maximum sentence of 15 years
imprisonment, a fine of $250,000, or both a term of imprisonment and a fine,

a term of supervised release of not more than 3 years, and a special assessment

of $100, due on the date of sentencing.  A violation of the terms and

conditions of supervised release carries a maximum sentence of up to 2 years

of imprisonment, as well as the possibility of an additional term of supervised

release.

Defendant's Initials BC          2

The cumulative maximum penalties for Counts One and Three are up to 35 years' imprisonment, fines of up to $500,000, or both a term of imprisonment and a fine, a term of supervised release of up to 3 years, and $200 in special assessments, due on the date of sentencing. A violation of the terms and conditions of supervised release carries a maximum sentence of up to 4 years' imprisonment, as well as the possibility of an additional term of supervised release.

3.   Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

  First:  The defendant made counterfeit Federal Reserve Notes; and

  Second: The defendant did so with the intent to defraud.

The elements of Count Three are:

  First:  The defendant knowingly possessed a firearm in and affecting interstate commerce;

  Two:  before possessing the firearm, the defendant had been convicted of a felony – that is, a crime punishable by imprisonment for more than one year; and



> Three:   at the time that the defendant possessed the firearm, the defendant knew that he had been convicted of a felony.

4.   Count Dismissed

At the time of sentencing, the remaining count against the defendant, Count Two, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A). However, the defendant understands that the conduct giving rise to the charge set forth in Count Two may be considered relevant conduct by the Probation Office and the Court in determining the defendant's sentence under the Sentencing Guidelines and under 18 U.S.C. § 3553.

5.   Mandatory Restitution to Victim

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make restitution to the victim.

6.   Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _BC_               4

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

7.     Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 492 924(d), 982(a)(2)(B), 49 U.S.C. § 80303, and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

Defendant's Initials _BC_                 5

The assets to be forfeited specifically include, but are not limited to, the following: Hewlett Packard 2755E printer, Bushmaster Firearms Inc. 5.56 pistol, serial #D08091, and associated ammunition which were seized on or about January 17, 2024.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the

Defendant's Initials _BC_                    6

defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to

Defendant's Initials _BC_          7

obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Defendant's Initials _BC_                    8

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

**B.     Standard Terms and Conditions**

1.     Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution

Defendant's Initials _BC_                          9

to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing.

    2.   <u>Supervised Release</u>

       The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the

Defendant's Initials  _BC_        10

conditions of release, the defendant would be subject to a further term of imprisonment.

    3.    <u>Immigration Consequences of Pleading Guilty</u>

        The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

    4.    <u>Sentencing Information</u>

        The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

    5.    <u>Financial Disclosures</u>

        Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

Defendant's Initials _____        11

States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials _BC_                12

6.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.   Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly

Defendant's Initials _BC_                13

waives the right to appeal defendant's sentence on any ground, including the

ground that the Court erred in determining the applicable guidelines range

pursuant to the United States Sentencing Guidelines, except (a) the ground

that the sentence exceeds the defendant's applicable guidelines range <u>as</u>

<u>determined by the Court</u> pursuant to the United States Sentencing Guidelines;

(b) the ground that the sentence exceeds the statutory maximum penalty; or (c)

the ground that the sentence violates the Eighth Amendment to the

Constitution; provided, however, that if the government exercises its right to

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the

defendant is released from his waiver and may appeal the sentence as

authorized by 18 U.S.C. § 3742(a).

      8.    <u>Middle District of Florida Agreement</u>

      It is further understood that this agreement is limited to the

Office of the United States Attorney for the Middle District of Florida and

cannot bind other federal, state, or local prosecuting authorities, although this

office will bring defendant's cooperation, if any, to the attention of other

prosecuting officers or others, if requested.

Defendant's Initials _BC_           14

9.   Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the

Defendant's Initials _BC_                    15

attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea

Defendant's Initials _BC_        16

and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _27th_ day of July 2024.

ROGER B. HANDBERG
United States Attorney

_____
BRYAN LYNDELL CHAPMAN
Defendant

_____
KEVIN C. FREIN
Assistant United States Attorney

_____
LISA CALL, ESQ.
Attorney for Defendant

_____
MICHAEL COOLICAN
Assistant United States Attorney
Deputy Chief, Criminal Division

Defendant's Initials _BC_                17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO. 3:22-cr-31-TJC-JBT

BRYAN LYNDELL CHAPMAN

PERSONALIZATION OF ELEMENTS

**Count One**:

      1.     From in or about December 2023, through and including in or about January 2024, in the Middle District of Florida, and elsewhere, did you make counterfeit KCF Federal Reserve Notes, as charged in Count One of the Indictment?

      2.    Did you make the counterfeit Federal Reserve Notes with the intent to defraud?

**Count Three**:

      1.     Do you admit that on January 17, 2024, in the Middle District of Florida, you possessed a firearm, specifically, a Bushmaster Firearms Inc. 5.56 pistol, serial #D08091, which was manufactured in Arizona?

      2.     Do you admit that before possessing the firearm, you had been convicted of a felony – a crime punishable by imprisonment for more than one year?

Defendant's Initials _BC_                    18

3.     Do you admit that at the time you possessed the firearm, you knew that you previously had been convicted of at least one felony?

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:24-cr-31-TJC-JBT

BRYAN LYNDELL CHAPMAN

FACTUAL BASIS

On January 17, 2024, Columbia County Sheriff's Office (CCSO)
Deputy Montemurno was in the parking lot of a Zaxby's in Columbia County,
Florida. As Deputy Montemurno walked by a parked Honda Accord in the
parking lot, based on his training and experience he smelled the odor of
marijuana and walked over to the vehicle to investigate. He approached the
driver side of the vehicle. The driver lowered the window and Deputy
Montemurno immediately recognized the odor of marijuana coming from
inside the vehicle. He requested identification from the driver and a male in
the backseat. The male presented a Tennessee identification card in the name
of Bryan Lyndell Chapman (Chapman).

CCSO dispatch subsequently advised that Chapman had an active
warrant out of Mississippi on a firearms charge. Law enforcement detained
Chapman and directed the driver to step out of the vehicle. The driver
subsequently provided law enforcement with voluntary consent to search the

Defendant's Initials _BC_

vehicle. During a lawful search of the vehicle, law enforcement located among other things in the trunk a Bushmaster Firearms Inc., 5.56 pistol, serial number D08091 loaded with one round, a Hewlett Packard 2755E printer and multiple pages of counterfeit $20 Federal Reserve Notes (FRN). Inside the vehicle law enforcement located 16 additional rounds of ammunition, 78 counterfeit $20 FRNs, and 35 pages of incomplete counterfeit with only the front of a $20 FRN printed on it. All of the bills had serial number NK12196359F printed on them.

Law enforcement advised Chapman of his constitutional rights. After voluntarily waiving his rights, Chapman stated in substance and among other things, it was his firearm. He printed the counterfeit money to buy items, as he traveled down from Tennessee. When asked if he was a convicted felon, Chapman said he was and that he was also currently out on bond for a firearms charge. Follow up investigation by the CCSO determined that earlier that day, Chapman passed a counterfeit $20 FRN at a Zaxby's in Columbia County to purchase food. Follow up investigation by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) determined that the Bushmaster Firearms Inc., 5.56 pistol, serial number D08091 was manufactured in the state of Arizona. ATF also determined that prior to January 17, 2024, Chapman was convicted of a crime punishable by imprisonment for a term

Defendant's Initials _BC_                    2

exceeding one year, that is, a felony, aggravated assault, on or about April 10,

2019.

Defendant's Initials _BC_                    3